GARY M. RESTAINO
United States Attorney
District of Arizona

PATRICK E. CHAPMAN
Assistant U.S. Attorney
Arizona State Bar No. 025407
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Patrick.Chapman@usdoj.gov
Attorney for Plaintiff

☐ FILED    ☒ LODGED

**Oct 17 2024**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

☒ FILED    ☐ LODGED

**Jan 06 2025**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>               Plaintiff,<br><br>    vs.<br><br>Jose Benjamin Garcia Mariscal,<br><br>               Defendant. | No. CR-24-00140-003-PHX-DWL<br><br>**PLEA AGREEMENT** |

Plaintiff, United States of America, and the defendant, JOSE BENJAMIN GARCIA MARISCAL, hereby agree to resolve this matter on the following terms and conditions:

1. **PLEA**

The defendant will plead guilty to Count 11 of the indictment charging the defendant with a violation of 18 United States Code (U.S.C.) § 933, Trafficking in Firearms, a Class C felony offense.

2. **MAXIMUM PENALTIES**

a.    A violation of 18 U.S.C. § 933 is punishable by a maximum fine of $250,000.00, a maximum term of imprisonment of fifteen years, or both, and a term of supervised release of up to three years. A maximum term of probation is five years, including a minimum term of one year if probation is imposed.

b.      According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant to:

(1)      make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

(2)      pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

(3)      serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

(4)      pay upon conviction a $100 special assessment for each count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013.

c.      The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence.  However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

3.      **AGREEMENTS REGARDING SENTENCING**

a.      <u>Stipulation: Sentencing Cap</u>.  Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that the defendant's sentence shall not exceed 33 months' imprisonment.  This stipulated sentencing cap will not change based on departures considered under U.S.S.G. § 1B1.1(b).  Nothing in this agreement shall preclude the defendant from moving for a downward departure, variance, or sentence below the cap, or the court from imposing a sentence below the cap.

b.      <u>Non-Binding Recommendations</u>.  The defendant understands that recommendations are not binding on the Court.  The defendant further understands that the defendant will not be permitted to withdraw the guilty plea if the Court does not follow a recommendation.

1    c.    <u>Assets and Financial Responsibility.</u>    The defendant shall make a full
2    accounting of all assets in which the defendant has any legal or equitable interest.  The
3    defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or
4    transfer any such assets or property before sentencing, without the prior approval of the
5    United States (provided, however, that no prior approval will be required for routine, day-
6    to-day expenditures).  The defendant also expressly authorizes the United States Attorney's
7    Office to immediately obtain a credit report as to the defendant in order to evaluate the
8    defendant's ability to satisfy any financial obligation imposed by the Court.  The defendant
9    also shall make full disclosure of all current and projected assets to the U.S. Probation
10    Office immediately and prior to the termination of the defendant's supervised release or
11    probation, such disclosures to be shared with the U.S. Attorney's Office, including the
12    Financial Litigation Unit, for any purpose.  Finally, the defendant shall participate in the
13    Inmate Financial Responsibility Program to fulfill all financial obligations due and owing
14    under this agreement and the law.
15    d.    <u>Acceptance of Responsibility.</u>    If the defendant makes full and complete
16    disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's
17    commission of the offense, and if the defendant demonstrates an acceptance of
18    responsibility for this offense up to and including the time of sentencing, the United States
19    will recommend a two-level reduction in the applicable Sentencing Guidelines offense
20    level pursuant to U.S.S.G. § 3E1.1(a).  If the defendant has an offense level of 16 or more,
21    the United States will move the Court for an additional one-level reduction in the applicable
22    Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).
23    **4.    AGREEMENT TO DISMISS OR NOT TO PROSECUTE**
24    a.    Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States shall dismiss
25    Count 12 at the time of sentencing.
26    b.    This agreement does not, in any manner, restrict the actions of the United
27    States in any other district or bind any other United States Attorney's Office.
28

5.    **COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

a.    If the Court, after reviewing this plea agreement, concludes that any provision contained herein is inappropriate, it may reject the plea agreement and give the defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P. 11(c)(5).

b.    If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute the defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated. In such event, the defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

6.    **WAIVER OF DEFENSES AND APPEAL RIGHTS**

The defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c) (except for the right to file a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of such a motion). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case.

1    This waiver shall not be construed to bar an otherwise-preserved claim of ineffective
2    assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section
3    II.B of Ariz. Ethics Op. 15-01 (2015)).

4    **7.    DISCLOSURE OF INFORMATION**

5         a.    The United States retains the unrestricted right to provide information and
6    make any and all statements it deems appropriate to the U.S. Probation Office and to the
7    Court in connection with the case.

8         b.    Any information, statements, documents, and evidence that the defendant
9    provides to the United States pursuant to this agreement may be used against the defendant
10    at any time.

11        c.    The defendant shall cooperate fully with the U.S. Probation Office.  Such
12    cooperation shall include providing complete and truthful responses to questions posed by
13    the U.S. Probation Office including, but not limited to, questions relating to:

14            (1)    criminal convictions, history of drug abuse, and mental illness; and
15            (2)    financial information, including present financial assets or liabilities
16    that relate to the ability of the defendant to pay a fine or restitution.

17    **8.    FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

18        a.    Nothing in this agreement shall be construed to protect the defendant from
19    administrative or civil forfeiture proceedings or prohibit the United States from proceeding
20    with and/or initiating an action for civil forfeiture.  Pursuant to 18 U.S.C. § 3613, all
21    monetary penalties, including restitution imposed by the Court, shall be due immediately
22    upon judgment, shall be subject to immediate enforcement by the United States, and shall
23    be submitted to the Treasury Offset Program so that any federal payment or transfer of
24    returned property the defendant receives may be offset and applied to federal debts (which
25    offset will not affect the periodic payment schedule).  If the Court imposes a schedule of
26    payments, the schedule of payments shall be merely a schedule of minimum payments and
27    shall not be a limitation on the methods available to the United States to enforce the
28    judgment.

**9.**   <u>**ELEMENTS**</u>

**Trafficking in Firearms**

**18 U.S.C. § 933(a)(2)**

On or about January 3, 2024, in the District of Arizona:

1.      The defendant knowingly received a firearm from another person;

2.      The defendant knew or had reasonable cause to believe that the use, carrying, or possession of the firearm by the recipient could constitute a felony, to wit:

- A.R.S.    §    13-3102(A)(4),    Misconduct    Involving    Weapons (Undocumented or Nonimmigrant Alien in Possession of a Firearm); and

- Title 18, United States Code § 922(g)(5), Possession of a Firearm by an Alien Unlawfully Present in the United States;

3.      The firearm had previously been shipped or transported in interstate or foreign commerce.

**Misconduct Involving Weapons (Prohibited Possessor)**

**A.R.S. § 13-3102(A)(4)**

1.      The recipient knowingly possessed a deadly weapon; and

2.      The recipient was a prohibited possessor at the time of the possession of the weapon.

"Deadly Weapon" means anything designed for lethal use, including a firearm. A.R.S. § 13-105(15).

A "prohibited person" means any person who is an undocumented alien or a nonimmigrant alien traveling with or without documentation in Arizona for business or pleasure or who is studying in Arizona and who maintains a foreign residence abroad. A.R.S. § 13-3101(A)(7)(e).

**Possession of a Firearm by an Alien Unlawfully Present in the United States**

**18 U.S.C. § 922(g)(5)**

1.    The defendant knowingly possessed a firearm;

2.    The firearm had been shipped or transported between states or foreign nations;

3.    At the time the defendant possessed the firearm, the defendant was illegally or unlawfully in the United States; and

4.    At the time the defendant possessed the firearm, the defendant knew he was illegally or unlawfully in the United States.

10.    **FACTUAL BASIS**

a.    The defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

On January 3, 2024, a coconspirator and suspected straw purchaser bought a Glock 19x 9mm pistol bearing serial number BVF598 at Jones & Jones, a federal firearms licensee in Somerton, Arizona. While the coconspirator made the purchase, the defendant, JOSE BENJAMIN GARCIA MARISCAL, waited in a vehicle with another male. Following the purchase, the three people drove to County 19 in Somerton to target shoot. At that location, aircraft surveillance showed the defendant and coconspirator discharging a firearm into the desert. The group then drove to the coconspirator's house in Yuma, Arizona where ATF agents contacted them.

Upon contact, the defendant admitted the coconspirator had purchased the Glock 19x on his behalf. The defendant also admitted he could not purchase firearms because he did not have papers. Agents confirmed the defendant was an alien unlawfully in the United States. The defendant has three prior convictions for violations of 8 U.S.C. § 1325, Improper Entry by an Alien. The Glock 19x pistol was manufactured outside of Arizona and thus traveled in interstate commerce to

1    arrive in Arizona.

2        b.      The defendant shall swear under oath to the accuracy of this statement and,

3    if the defendant should be called upon to testify about this matter in the future, any

4    intentional material inconsistencies in the defendant's testimony may subject the defendant

5    to additional penalties for perjury or false swearing, which may be enforced by the United

6    States under this agreement.

7                **APPROVAL AND ACCEPTANCE OF THE DEFENDANT**

8        I have read the entire plea agreement with the assistance of my attorney.   I

9    understand each of its provisions and I voluntarily agree to it.

10       I have discussed the case and my constitutional and other rights with my attorney.

11   I understand that by entering my plea of guilty I shall waive my rights to plead not guilty,

12   to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to

13   present evidence in my defense, to remain silent and refuse to be a witness against myself

14   by asserting my privilege against self-incrimination, all with the assistance of counsel, and

15   to be presumed innocent until proven guilty beyond a reasonable doubt.

16       I agree to enter my guilty plea as indicated above on the terms and conditions set

17   forth in this agreement.

18       I have been advised by my attorney of the nature of the charges to which I am

19   entering my guilty plea. I have further been advised by my attorney of the nature and range

20   of the possible sentence and that my ultimate sentence shall be determined by the Court

21   after consideration of the advisory Sentencing Guidelines.

22       My guilty plea is not the result of force, threats, assurances, or promises, other than

23   the promises contained in this agreement. I voluntarily agree to the provisions of this

24   agreement and I agree to be bound according to its provisions.

25       I understand that if I am granted probation or placed on supervised release by the

26   Court, the terms and conditions of such probation/supervised release are subject to

27   modification at any time. I further understand that if I violate any of the conditions of my

28   probation/supervised release, my probation/supervised release may be revoked and upon

1  such revocation, notwithstanding any other provision of this agreement, I may be required

2  to serve a term of imprisonment or my sentence otherwise may be altered.

3      This written plea agreement, and any written addenda filed as attachments to this

4  plea agreement, contain all the terms and conditions of the plea.  Any additional

5  agreements, if any such agreements exist, shall be recorded in a separate document and

6  may be filed with the Court under seal; accordingly, additional agreements, if any, may not

7  be in the public record.

8      I further agree that promises, including any predictions as to the Sentencing

9  Guideline range or to any Sentencing Guideline factors that will apply, made by anyone

10  (including my attorney) that are not contained within this written plea agreement, are null

11  and void and have no force and effect.

12      I am satisfied that my defense attorney has represented me in a competent manner.

13      I fully understand the terms and conditions of this plea agreement.  I am not now

14  using or under the influence of any drug, medication, liquor, or other intoxicant or

15  depressant that would impair my ability to fully understand the terms and conditions of this

16  plea agreement.

17  _9_/_30_/_2024_

18  Date                           JOSE BENJAMIN GARCIA MARISCAL
                                   Defendant

19

20              **APPROVAL OF DEFENSE COUNSEL**

21      I have discussed this case and the plea agreement with my client in detail and have

22  advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the

23  constitutional and other rights of an accused, the factual basis for and the nature of the

24  offense to which the guilty plea will be entered, possible defenses, and the consequences

25  of the guilty plea including the maximum statutory sentence possible.  I have further

26  discussed the concept of the advisory Sentencing Guidelines with the defendant.  No

27  assurances, promises, or representations have been given to me or to the defendant by the

28  United States or any of its representatives that are not contained in this written agreement.

1    I concur in the entry of the plea as indicated above and that the terms and conditions set
2    forth in this agreement are in the best interests of my client.  I agree to make a bona fide
3    effort to ensure that the guilty plea is entered in accordance with all the requirements of
4    Fed. R. Crim. P. 11.

6
7    Date   9/30/2024                          MATTHEW BARTZ
8                                              Attorney for Defendant

9              **APPROVAL OF THE UNITED STATES**

10          I have reviewed this matter and the plea agreement.  I agree on behalf of the United
11   States that the terms and conditions set forth herein are appropriate and are in the best
12   interests of justice.

13                                             GARY M. RESTAINO
14                                             United States Attorney
                                               District of Arizona
15
16   10/2/2024                                 *Patrick E. Chapman*
     Date                                      PATRICK E. CHAPMAN
17                                             Assistant U.S. Attorney
18

19              **ACCEPTANCE BY THE COURT**
20
21   1/6/2025
22   Date                                      HONORABLE DOMINIC W. LANZA
                                               United States District Judge
23
24
25
26
27
28

- 10 -